[1] Max L. Powell *v.* E. F. Moore's Estate.

Reargued October Term, 1919.

Present: Watson, C. J., Powers, Taylor, Miles, and Slack, JJ.

Opinion filed November 8, 1919.

*Estates of Decedents—Time for Presentation of Claim—Power of Court to Extend Time—Pleading—Allegation of Understanding as to Presentation of Claim Insufficient to Charge Agreement—Insufficient Excuse for Failure to Present Claim.*

Where the plaintiff did not present his claim to the commissioners on a decedent's estate within the life of the original commission, the further time given to the commissioners, on its renewal, within which to receive the claim being expressly limited by G. L. 3295 to three months, neither the probate court nor the court of chancery had the power to extend the time.

[1] Note:—When this case was originally argued it was assigned to Mr. Justice Haselton. Upon his retirement from the bench, the case, being ordered for reargument, was assigned to Mr. Justice Powers.

In a bill seeking the aid of the court of chancery in obtaining a hear-
ing before the commissioners of a decedent's estate where the plain-
tiff, on the renewal of the commission, failed to present his claim
within the time limited in the statute, an allegation that "it was
understood" that an original claim presented in the name of a third
party was to be considered the plaintiff's claim, does not refer to
an understanding on the part of the commissioners.

The allegation that the plaintiff understood that the original claim
was to be treated as his would not alone amount to a presentation
of his claim.

Plaintiff's understanding from the judge of probate or from one of the
commissioners that the original claim would be treated as his was
no excuse for neglecting to present his claim within the time
limited in the statute.

APPEAL IN CHANCERY. Heard on defendant's demurrer in
vacation after the March Term, 1917, Chittenden County, *Butler*,
Chancellor. Decree sustaining the demurrer and dismissing the
bill with costs. The opinion states the case.

*Max L. Powell, pro se.*

*Sherman R. Moulton (Alfred L. Sherman* on reargument)
for the defendant.

POWERS, J. This is a proceeding in chancery wherein the
plaintiff seeks the aid of the court in obtaining a hearing before
the commissioners of the estate of E. F. Moore, deceased, on a
claim which accrued in the latter's lifetime. The bill was de-
murred to, and the case comes here on the plaintiff's appeal from
a decree sustaining the demurrer and dismissing the bill. So
the only questions we are concerned with relate to the sufficiency
of the allegations.

It is shown by these that the plaintiff entered into a con-
tract with the decedent for the construction by the latter of the
foundation of the building known as Hotel Vermont. The Hotel
Vermont Company, a corporation, had not then been formed, so
the contract referred to was made in the plaintiff's own name.
At the time Moore died there was an unsettled bill against him
growing out of this contract, and a claim therefor in the name
of the Hotel Vermont Company was duly presented to the com-

missioners of his estate. This claim was disallowed, and an appeal having been taken, final judgment against the claimant was rendered in the county court. In the meantime, on a petition brought by the plaintiff, the probate court renewed the commission in order to give the plaintiff an opportunity to present the same claim against the estate in his own name. "And," says the pleader, "it was understood that the original claim that was filed with said commissioners was to be considered as the claim" of the plaintiff.

A month later one of the commissioners wrote a letter to the plaintiff naming several days on which the commissioners would hear his claim, and asking him to select a date. At this time counsel for the estate was temporarily out of the State, and, this fact being ascertained and communicated to the commissioner, it was left that upon the return of the attorney a later date would be fixed for the hearing. Nothing further was done (of any consequence here) either by the plaintiff or the commissioners until August 24, 1916. On that date the commissioners filed in the probate court a report wherein it was asserted that notice in writing was given the plaintiff May 15, 1912, and that no claim was presented for allowance. No notice of the filing of this report was given to the plaintiff, and he did not learn of it until September 20, 1916. The plaintiff thereupon filed in the county court a petition asking leave to enter an appeal from the decision of the commissioners, which was denied on the ground that there could be no appeal from a disallowance by the commissioners, because the plaintiff had presented no claim to them. Then this bill was brought asking the court of chancery to order that the plaintiff be given an opportunity to be heard before the commissioners and for general relief.

It is apparent, then, that the plaintiff did not present his claim to the commissioners within the life of the original commission; and the only authority which the probate court could exercise under his petition for a renewal of the commission is to be found in G. L. 3295. The further time that could be given the commissioners within which to receive the plaintiff's claim is therein expressly limited to three months. This limitation being statutory, neither the probate court nor the court of chancery has the power to extend the time. So, unless this plaintiff had, within the three months, presented his claim to the com-

missioners or done something equivalent to that, his bill is without equity and the demurrer well taken.

That he did not actually and formally present his claim is evident. But he argues that both he and the commissioners understood that the Hotel Vermont Company claim was to stand as his claim. This, however, is not the allegation, and it must be remembered that we are not dealing with the facts, but with the allegations only. Assuming for argumentative purposes merely that it would be a sufficient presentation of the plaintiff's claim if he and the commissioners agreed together that the claim previously filed in the name of the Hotel Vermont Company should stand as his claim, and assuming, too, that G. L. 3296 applies thereto, so that the commissioners had an indefinite time after the expiration of the three months in which to consider the claim, the bill is insufficient. The nearest that the pleader comes to asserting an agreement or understanding on the part of the commissioners is the allegation above quoted wherein it is said that "it was understood" that the original claim was to be considered the plaintiff's claim. But this is not enough; for neither from the allegation itself nor from the context does it appear that the pleader was referring to an understanding on the part of the commissioners. It is not, then, the case of an insufficient allegation, but the case of want of allegation. It is reiterated in the bill that the plaintiff understood that the original claim was to be treated as his, but this alone would not amount to a presentation of his claim. Nor does his understanding from the judge of probate or from Commissioner Taft avail him as an excuse for neglecting to present his claim within the time limited in the statute. He was bound to know the terms of the statute and that they could not be varied or enlarged.

The bill being fatally defective in the respect specified, it is unnecessary to discuss its other features.

*Decree affirmed and cause remanded.*